UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:04-cr-00535 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Doc. 87] |
| vs. : | |
| MARTE BADLEY, : | |
| Defendant. : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marte Badley requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Badley's request.[2]

For the reasons stated below, the Court **DENIES** Badley's motion for compassionate release.

### I. Background

On December 15, 2005, Defendant Badley pleaded guilty to three counts of distribution of cocaine base.[3] On January 23, 2006, this Court sentenced Badley to 151-months imprisonment, with credit for time served in federal custody, and five years of supervised release.[4] On August 8, 2011, the Court later reduced his prison sentence to 121 months under the Fair Sentencing Act, 18 U.S.C. § 3582.[5]

In 2015, while on supervised release, Badley was arrested and charged with drug

---

[1] Doc. 87.
[2] Doc. 89.
[3] Doc. 43.
[4] Doc. 47; Doc. 48.
[5] Doc. 53.

Case No. 1:04-cr-00535
Gwin, J.

trafficking in state court.[6] On March 2, 2016, the Court revoked Badley's supervised release and sentenced him to 22 months imprisonment consecutive to his state sentence, and two years of supervised release.[7] Badley has completed his state sentence and is now serving his remaining federal sentence at the Northeast Ohio Correctional Center.[8]

## II. Discussion

On July 13, 2020, Badley moved for compassionate release.[9] Badley requests sentence reduction due his medical condition and the high COVID-19 risk at the Northeast Ohio Correctional Center.[10]

The Government opposes. The Government observes that Badley is not obese as he claims and has relatively mild asthma.[11] The Government also says releasing Badley would create a danger to the community due to Badley's history as a repeat drug trafficking offender who distributed crack cocaine while being on supervised release for drug trafficking.[12]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[13]

---

[6] Doc. 74.
[7] Doc. 80.
[8] *See* Offender Details, Ohio Dep't of Rehabilitation and Correction, available at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A680126.
[9] Doc. 87.
[10] *Id.* at 9.
[11] Doc. 89 at 5-6.
[12] *Id.* at 7. Specifically, the Government says, "Badley's original offense in this case (selling crack cocaine) occurred while he was on court-ordered community control as a result of a drug trafficking conviction, and while he was awaiting disposition of a second drug charge for which he was arrested in June 2003. Then, Badley committed an F-2 drug trafficking felony while on supervised release from the prison sentence imposed in this case." *Id.* 7 (internal citations omitted).
[13] 18 U.S.C. § 3582(c)(1)(A)(i).

-2-

Case No. 1:04-cr-00535
Gwin, J.

Here, Badley does not allege that he has petitioned the warden of his facility for compassionate release.[14] Badley says that the exhaustion requirement may be waived,[15] but the Sixth Circuit has recently held that this is not the case.[16] For this reason, the Court denies Badley's motion for compassionate release.

### B. Eligibility

Even if Badley had met the exhaustion requirement, he has not demonstrated that extraordinary and compelling circumstances warrant a sentence reduction. To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[17] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[18]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[19]

Badley argues that he suffers from medical conditions that put him at a higher risk of serious medical consequences, including death, if he contracts COVID-19.[20] Specifically,

---

[14] The Government's opposition references a request for compassionate release and the Warden's denial, but Badley has not presented this evidence to the Court. Doc. 89 at 2.

[15] Doc. 87 at 7-8.

[16] *United States v. Alam*, 960 F.3d 831, 833-36 (6th Cir. 2020).

[17] 18 U.S.C. § 3582(a)(1)(A).

[18] *Id.*

[19] USSG § 1B1.13 cmt. n.1.

[20] Badley's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. U.S.S.G. § 1B1.13 cmt. n.1. The policy's "Other Reasons" category is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 cmt. n.1). However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No.

Case No. 1:04-cr-00535
Gwin, J.

he states that he suffers from asthma and obesity.[21]

Badley's COVID-19 argument is not persuasive. As the Government points out, Badley's medical records show that he is overweight, but not obese.[22] And Badley's mild asthma symptoms have had marginal impact on his health.[23] Otherwise, Badley is a healthy 37-year-old individual.

Considering all relevant factors, the Court does not find that extraordinary and compelling reasons warrant Badley's compassionate release request.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** without prejudice Badley's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Badley is granted leave to refile his petition if his circumstances, especially his medical circumstances, materially change.

IT IS SO ORDERED.

Dated: August 11, 2020       s/ James S. Gwin
    JAMES S. GWIN
    UNITED STATES DISTRICT JUDGE

---

4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

[21] Doc. 87 at 9.
[22] Doc. 89 at 5.
[23] *Id.*

-4-